Judge Green
delivered the opinion of the Court.
In these cases, the defendant in s'upersedeas having given due. notice that he should move for judgments against the plaintiff in supersedeas and Joshua Long, for money paid for them, as their surety, under execution; the defendants in the motions failed to appear, and judgments were given according to the notice. The proofs upon which the judgments were given, do not appear in the records. The plaintiff in supersedeas, having obtained copies of the records, and also, certain papers which the clerk certifies were the evidence upon which the judgments were rendered, objects that the judgments were erroneous, because it appears from the papers, certified by the clerk as the evidence, that in truth, Mitchell was not the surety for Cunningham, but for Long onl3r; and, that Cunningham was a joint surety with Mitchell for Long, the principal debtor. From these papers it appears that two suits were *191 brought against Long, and judgments were rendered against Long and Cunningham as his appearance bail; .upon which executions issued and were levied upon Lo?ig’s property, which was restored upon his tendering Mitchell as his surety in forthcoming bonds. Cunningham joined in these bonds; but it is not said upon the tace of the bonds, whether he joined as principal or surety. The Sheriff's returns upon the executions state, that forthcoming bonds had been taken of Long and Cunningham, with Mitchell as his surety, and forfeited. Executions were atvarded upon these bonds, and being issued, were paid to the Sheriff by Mitchell.
If the papers which disclose these facts could be considered as properly a part of the record, the judgments were right upon the merits, taking the Sheriff’s returns that Long and Cunningham were the principals and Mitchell the surety, to be true. These returns did not contradict the evidence afforded by the executions and bonds. Although Cunningham appears to have been Long's appearance bail in the first instance, and the executions issued against him in that character, yet he might have stipulated with Mitchell to execute the bonds as principal, and to save him harmless, as an inducement to Mitchell to execute them as surety; and Mitchell might have refused to execute the bonds on any other terms. The bonds themselves do not ascertain whether Cunningham executed them as principal or surety, and, as in all other cases of joint bonds, the question whether one was principal and another surety, was to be solved by evidence aliunde. Cunningham might have contradicted the Sheriff’s return; and in that case, the Sheriff himself would have been a competent witness to prove its truth. He cannot now, after submitting to a judgment by default, object, in this Court, to the truth of the return; for it cannot be here supported by parol proof, as it might have been in the Court below, if it had been there objected to.
*192 But, the certificate of the clerk, that those papers were the evidence upon which the judgments were founded, cannot be received as a part of the records. His certificate to that effect can have no more effect than that of any Qthej. individual. He may certify that such records exist in his office, but not what use was made of them. That ought to have been shewn by the record; and it was the duty of the party wishing to avail himself of the fact, to have it made a part of the record. We are bound to consider the fact, that Mitchell was surety for Long and Cunningham,, which was the foundation of the motions, was properly in proof before the Court, and this was the ground of the judgment in Preston v. The Auditor, 1 Call, 471.
The judgments should be affirmed.