## STINSON & *al. vs.* SNOW.

The return of an officer on a writ as to the service of it, is conclusive on the parties in the suit, and cannot be contradicted except in an action against the officer for a false return.

ASSUMPSIT, on a promissory note of hand. The defendant pleaded in abatement that the summons mentioned in the return of the officer was *in hæc verba,* setting it out; by which it appeared that the defendant was summoned to answer to *William J. Farley,* and not to *the plaintiffs,* — and averred that the officer neither gave the defendant in hand, or left at his usual place of abode, any *other or different summons* in said action, than the one set forth. The plaintiffs in their replication, set out the officer's return in these words, — " By virtue " of this writ I have attached a chip, the property of the with- " in named *Snow,* and at the same time gave him a summons " in hand for his appearance at Court according to law," — and concluded with an averment that the defendant was estopped from denying the truth of the return. To this there was a demurrer and joinder.

*Barnard,* for the defendant.

The officer returns that he " gave a summons in hand for " his appearance at Court according to law." The plea does not contradict the return. He does not say that *the summons* was " according to law," but that he gave it according to law, that is, that he did his duty by giving a summons in hand fourteen days before Court. That was his whole duty in respect to the service. The words, " according to law," are surplusage. If not, they mean only that he has done all that the law required of him as an officer.

The form of the *writ* and of the *summons* is *prescribed by statute.* They are both presumed to issue from the Clerk's office. The summons accompanies the writ. The officer must deliver it whether it be such as the statute requires or not, he is not made the judge any more than he is of the writ itself. The sufficiency of both is a question for the Court to decide.

And a party is not estopped by the return of the officer, except as to such matters as are within the compass of his duties as prescribed by law. It is no part of his duty to certify that the summons is legally sufficient, but only that he gave *a summons*. The error in this case, was the error of the party in not accompanying his writ with a *sufficient* summons in form. It was no fault of the officer. It was not his duty to correct the errors in form or substance in either the writ or summons. Indeed, he is prohibited from so doing by *stat*. of 1821, *ch*. 89, *sec*. 5.

The plaintiffs, reply the return of the officer as an estoppel. In *Guild v. Richardson*, 6 *Pick*. 369, the Court say, that an estoppel must be certain to every intent. Therefore, if a thing is not, *expressly* and *precisely* alleged, it will be no estoppel. " The doctrine of estoppel is to be received in *great strictness*, " and no fact is to be taken by *inference*." But if the return in this case is to estop the plea, it must be by " *inference*" only. The strictness in regard to estoppels applies with great justness and force where they are resorted to, *to shut out the truth*, as in this case, but where they come *in aid of truth*, as recitals of deeds, or title, proved by other evidence to have existed, they are justly regarded with favour.

*Allen* and *Farley*, for the plaintiffs, relied on the return of the officer as estopping the defendant from averring the facts stated in the plea, and cited *Slayton v. Chester*, 4 *Mass*. 478; *Bott v. Burnall*, 9 *Mass*. 99; *same v. same*, 11 *Mass*. 165; *Winchell v. Stiles*, 15 *Mass*. 232; *Bean v. Parker*, 17 *Mass*. 601.

The opinion of the Court was delivered by

MELLEN C. J. — The sufficiency of the plea in abatement is not contested, provided the defendant is not estopped to plead the facts which compose it : if he *is* so estopped, then the plea must be adjudged insufficient, and he must answer over to the merits. In the replication, the plaintiff sets forth, *in hœc verba*, the officer's return on the writ in the action, and distinctly relies on the return by way of estoppel.

A *writ of attachment* is directed to the *proper officer* ; the *summons* to appear and answer to the action, is directed to the

Stinson & al. *v.* Snow.

*defendant.* To make a legal service of *such* a writ, it is necessary for the officer who undertakes to serve it, to *attach* some of the defendant's property, and deliver *such* summons to him, or leave it at his last and usual place of abode, or else arrest the body of the defendant. In the case before us, there was no arrest. In performing *both* the acts, which constitute a legal service of the writ, namely, *attaching* property and leaving the *summons,* the officer serving it, acts under the authority of the writ; and, without that authority, he cannot lawfully perform *either* of those acts. If he should have a writ against A., and, intending to leave at his last and usual place of abode, a summons to him to answer in *that* action, should by design or mistake, leave a summons directed to B., or a summons directed to A., but to answer to a *different plaintiff,* it is evident that in neither of those cases, would he act under the *authority* given to him by the *writ,* but, without *any* authority. Now, by inspecting the officer's return, as set forth in the replication, it appears, that in making the service, that is, in making the attachment of property, and leaving the summons at the last and usual place of abode of the defendant, he acted *by virtue of the plaintiffs' writ.* This is expressly stated; and what is expressly stated in the return, unless it is mere matter of law, cannot be contradicted, except in an action against the officer for a false return. We may further observe, as a matter of almost universal practice, that officers in their returns on writs of attachment, seldom, if ever, *describe,* in any manner, the *summons;* the language usually is, after stating the attachment, " and gave *a summons* in hand to the defendant," or " left *a* " *summons* at his last and usual place of abode." If the Court should sustain the plea in abatement in this case, it would probably lay the foundation for hundreds of writs of error, where judgment has been rendered on default, and the returns of service were not more descriptive and definite than that in the present case. For the reasons we have given, we are all of opinion that the return is an estoppel upon the defendant; — and we adjudge the

*Plea in abatement insufficient.*