Allen P.
A notice at the instance of the Commonwealth was given to the plaintiff in error, a sheriff and the securities in his official bond, that a motion would be made for a judgment against them for a balance of license taxes. The notice having been duly proved on the day specified, the defendants were called but came not, and at the instance of the Attorney General the motion was docketed and continued to a future day of the same term. It was afterwards continued at the like *135 instance to other days naméd until the 21st February, . 1860, when on the motion of the Attorney General it was 'continued, until the then next regular term of said court for the trial of civil causes. On a subsequent -day of the same term the last order of continuance was set aside at the instance of the Attorney General, and on his motion the eourt proceeded to render a judgment against the sheriff and his securities; to which judgment a swpersedeas has been awarded by this eourt.
From the foregoing statement it seems that Hie defendants named in the notice never appeared or made any defence t© the motion, and Hie preliminary question arises whether this court has jurisdiction at tins time to decide upon the regularity of the proceedings.
The Code p. 681, ch. 181, § 5, provides, that the court in which there is a judgment by «default or a decree on a hill taken for confessed, or the judge of said court in the vacation thereof, may on motion reverse such judgment or decree for any error for which an appellate court might reverse it, if the following section.was not enacted, and give such judgment or decree as ought to be given. § 6, the following section referred to in the foregoing section, directs that no appeal, writ of error or supersedeas shall be allowed by an appellate court or judge for any matter for which a judgment or decree is liable to be reversed or amended on motion as aforesaid, by the court which rendered it or the judge thereof, until such motion be made or overruled in whole or in part.
These sections of the Code embrace the provisions contained in the E¡ev. Code of 1819, p. 512, §§ 108,109, 110, authorizing clerical mistakes, drc., to he amended in certain eases by the corn-tin which a judgment or decree was rendered, or the judge thereof in vacation; and also the provision contained in the aet of March 12, 1838, Sess. Acts p. 74, extending the act of Jeofails, to judgments rendered in the circuit courts for default of *136 appearance, and providing for the reversal of such judgments by the court rendering them, or the judge thereof in vacation, for certain errors which would be ground for the reversal thereof in the court of appeals. The Code applies to all judgments by default whether for want of appearance or for failing* to comply with any •rule, and authorizes the reversal for any error for which an appellate court would reverse.
The term judgment by default strictly-and technically applies to actions at common law only, and it is argued! that as under a statutory proceeding of this kind there is no judgment at rules, and no judgment can be entered in court in the absence of all proof of claim, it is not -a judgment by default, but a judgment on the merits, which cannot be reversed by the court which rendered! it, and therefore not embraced by the Code in the sections referred to.
There is force in this argument, but it seems to me that although not a technical judgment by default at common law, a proceeding by notice falls within the* equity,, and was intended to be embraced within the scope of these provisions of the Code. Claims of the Commonwealth and many claims of individuals were recoverable by motion on ten days notice before the Code. This mode of procedure having worked well in practice,, the Code p. 640, ch. 167, § 5, authorized any person entitled to recover money by action on any contract to obtain a judgment on motion after sixty days notice.—■ Under these provisions of the law in regard to motions, a large proportion of the recoveries for money will he obtained on motion. In dealing with the subject of errors and amendments the legislature must have had in contemplation all modes of procedure by which judgments were to be rendered. The statutes in relation to' this subject of Jeofails are remedial and should receive a liberal construction. We have seen th%t the legisla *137 ture lias been gradually extending- tlie power of tlie court rendering a judgment, or the judge in vacation to correct mere clerical errors and reverse judgments for errors in the proceedings at rules, &c., to which the attention of the court had not been called. Thus the Revised Code authorized the amending- of judgments by correcting clerical mistakes. The act of 1838 authorized the court to reverse such judgments for illegal orders at rules or in case of any variance botiveen the writ and declaration. And the Code still extending the remedy, gives to the court which renders the judgment or to a judge in vacation authority to reverse a judgment by default for any error for which an appellate court might reverse it. The object of the legislature was to save the parties the delay and costs of an appeal to correct such irregularities and formal errors; errors which seldom affect the merits of the controversy, and which would have been corrected at once by the court if pointed out. The case of a motion comes within the reason of the statute, and I think the term judgment by defaidt was intended to apply to all j udgments where there was default of appearance. If the error be one for which the judgment might be reversed in an appellate court, no appeal, writ of error, or supersedeas should be allowed until after motion to the court or judge has been made and .overruled. In the case of Preston v. Auditor, 1 Call 471, there was a judgment on a motion against a sheriff’s security, who failed to appear. The law then required that the property of the sheriff should be ascertained to be insufficient before proceeding against the surety. The court said that every court should stai e on record legal grounds for the judgment. But that it being stated' that it appeared to the court that the property of the sheriff was insufficient, it was enough. That the appellate court could not inquire how this was made to *138 appear, and that it was the fault of the appellant that he ^ did not appear and have the whole evidence stated.
In Cunningham v. Mitchell, 4 Rand. 189, there was a moti0;a by a security to recover money from a person alleged to be a principal; there was no appearance for the defendant, in the report it is said judgment was rendered by default. And j udge Green, in delivering the opinion of the court, states that the defendant cannot now, after submitting to a judgment by default, object in this court to the truth of the sheriff’s return; thus giving to the judgment the effect of a judgment by default, and styling it a judgment by default. I think the legislature used the phrase in the same sense in the act under consideration, and that this must be considered ás a judgment by default in' the meaning of thé law, and that the supersedeas should not have been allowed until a motion had been made to the court in which the judgment was entered or the judge of said court in the vacation thereof, and overruled. And that the supersedeas having been improperly allowed should be dismissed.
The other judges concurred in the opinion of Allek R.
SlJPEESEDEAS DISMISSED.