## J. J. JOYNER *v.* B. G. MILLER ET AL.

1. REPLEVIN.   *For property levied on.   Levy disputed.*
   In an action of replevin by a constable to recover the possession of property
   which he claims to have levied an execution upon, the defendants, claiming to
   have bought the property from the defendant in the execution, may introduce
   testimony to show that, in fact, there was no levy, the constable's return on
   the execution being only *prima-facie* evidence of the levy.

2. SAME.   *Question of levy.   Silence of defendants.*
   In an action of replevin by an officer to recover property upon which he claims
   to have levied an execution, it is not error for the court to refuse to instruct
   the jury that if one of the defendants, after the levy was alleged to have been
   made, in a conversation with such officer and one of the plaintiffs in the
   execution, in reference to the levy, raised no question as to the sufficiency of
   the levy, then the defendants are estopped to deny its validity.         .

ERROR to the Circuit Court of Clay County.

Hon. J. M. ARNOLD, Judge.

This was an action of replevin by the plaintiff in error
against the defendants in error, to recover the possession of
130 bushels of corn.   The plaintiff was a constable, and
claimed that he had levied on the corn under an execution in
favor of Beckett & Little against Monroe Staggs, and had
sold the same, but that, before delivery to the buyer, the
corn had been taken out of his possession.   The court per-

mitted the defendants to introduce evidence for the purpose of showing that there was no levy. The court refused the second instruction asked by the plaintiff, which was as follows :

"If the jury believe from the evidence that, after said corn is alleged to have been levied on by Joyner, Richardson, one of the defendants, in a conversation with Beckett and Joyner, in reference to the levy, raised no question of the sufficiency of the levy, then defendants are estopped to deny that the levy was valid; for it is a sound maxim of law that he who keeps silence when he ought to speak, shall not afterwards be heard to speak when it is his interest to do so."

There was a verdict, and judgment thereon, for the defendants.

*Fred. Beall*, for the plaintiff in error.

1. The Code provides that either party to the action may deny the truth of the "return" "in the same action." Code 1871, sec. 707. This action of replevin, by Joyner against Miller & Richardson, is a totally different action from that of Beckett & Little against Monroe Staggs; and this case must rest on the common-law doctrine that "an officer's return in making a levy is conclusive evidence, and cannot be contradicted." "The remedy of aggrieved parties is by an action for a false return." Herman on Estop., sec. 210; *Doe* v. *Ingersoll*, 11 Smed. & M. 249; *Bean* v. *Parker*, 17 Mass. 591; *Bott* v. *Barnell*, 11 Mass. 163; *Whitaker* v. *Sumner*, 7 Pick. 551; *Butts* v. *Francis*, 4 Conn. 424; Cooley on Tax. 195, 196, and notes. "The claimant of property levied on under execution cannot object to the validity of the execution or the levy. He is confined to his own title, and cannot set up an outstanding title in a third person." Herman on Estop., sec. 189, and note 13; *ib.*, sec. 326.

2. It was error in the court to refuse the second charge asked by the plaintiff. It is the universal rule that if a man stands by in silence, and knowingly permits another to act on his silence, he shall thereafter be debarred from speaking to that other's injury. *Ib.*, secs. 3, 4, 327–330, 333, 336, 611.

*White & Bradshaw*, for the defendants in error.

1. The defendants had the right to show that the property had not been levied on. The purpose of the investigation was to establish the legal effect of the return. The legal effect of a return may be inquired into and determined. *Doe* v. *Ingersoll*, 11 Smed. & M. 249, 274; *Lapiece* v. *Hughes*, 2 Cushm. 69; *Shotwell* v. *Hamlin*, 1 Cushm. 156. The statute provides that either of the parties to an action may, in the same action, show such return to be untrue. Code 1871, sec. 707.

2. There was no error in the court's refusing the second charge asked by the plaintiff, as there was no evidence to support it. But, if there was error, it is cured by giving the fourth charge for the plaintiff, which was to the same effect as the second asked for by him. The charges given for the plaintiff were very favorable to his case. It is evident that the jury did not credit Joyner's statement.

CAMPBELL, J., delivered the opinion of the court.

The gist of plaintiff's right to recover is that he had levied on the corn. His return on the execution was only *prima-facie* evidence in his favor of the levy. Freem. on Ex., sec. 366. It was admissible for defendants to deny the levy, for that is the foundation of plaintiff's right to recover against them. *Ib.*, sec. 268. If there was no valid levy, he could not maintain his action.

The evidence as to the levy is contradictory. The plaintiff sustained it, and Staggs, the defendant in the execution, denied it. The jury were properly instructed on all points, and we will not disturb their verdict. The affidavit in support of the motion for a new trial presents no ground for it. *Vigilantibus non dormientibus leges subveniunt.*

The defendants claimed the corn sued for *by purchase from Staggs*. If the corn had been levied on by the plaintiff, they are not entitled to hold it against him. If it had not been levied on, although claimed by plaintiff to have been, the plaintiff has no right to recover in this action. It was held

in the court below that the judgment had priority over the deed of trust, and the case must have turned, and properly, on whether or not the plaintiff had levied on the corn. The court correctly instructed the jury in the third instruction for plaintiff, as to a levy, and they must have concluded that there was not a levy. The second instruction for plaintiff was properly refused, and the first for defendants, being the only one objected to, was properly given.

Judgment affirmed.