# Richmond.

## WRIGHT & PARKER v. WOOD.

### April 21st, 1892.

1. APPELLATE PRACTICE—*Errors on face of record.*—In this court, upon appeal, a case must be considered upon the errors apparent upon the face of the record, and where none appear the judgment must be affirmed.
2. IDEM—*Insufficient record.*—Where the record shows no exceptions to the rulings of the court below, no evidence of any sort, nothing but the naked pleadings, the findings of the jury and the judgment, and only some facts copied into the transcript by the clerk, but not made part of the record by bill of exceptions or otherwise;

HELD:

There is nothing to review.

Error to judgment of circuit court of Culpeper county, rendered September 19th, 1890, in an action of ejectment, wherein J. M. Wood was plaintiff, and the plaintiffs in error, Jacob Wright and Betty Parker, were defendants.   Opinion states the case.

*Hill & Jeffries* and *A. McD. Green*, for plaintiffs in error.

*Rixey & Barbour*, for defendant in error.

LACY, J., delivered the opinion of the court.

The declaration in ejectment was filed in February, 1890, to recover a tract of land in Culpeper county, containing eleven acres, on the north side of Thornton's Gap turnpike, about

one and one-fourth miles from the town of Culpeper, bounded on the west by the lot of Philip Hawkins; on the north by the lands of the late P. T. Smith; on the east by the lot of the plaintiff, J. M. Wood (who is the defendant in error here), since sold to John S. Buckner; and on the south by the Thornton's Gap turnpike.

At the trial the defendant pleaded not guilty, and Betty Parker was admitted party defendant, and the defendant filed an account of improvements, and the plaintiff filed an account for rent and damages, and the questions of improvement and damages being postponed until the verdict on the title was recorded, and issue joined on the plea of not guilty, and a jury was sworn to try the issue joined, and having heard the evidence and arguments of counsel, returned a verdict as follows: "We, the jury, find the plaintiff entitled to an estate in fee-simple in that portion of the land in the declaration mentioned and described in the survey of Col. William Nalle, marked, 'Filed Dec. 11, 1888,' as is included in the boundaries from G to T, and J to G, and P. to J, containing eight and one-tenth acres, and that the defendant is guilty of unlawfully withholding the same from the said plaintiff." Whereupon the plaintiff moved the court to set aside the verdict of the jury and grant him a new trial, and also moved in arrest of judgment, which motion was overruled by the court, to which it is stated that the defendant excepted, and judgment was rendered as follows: "Therefore it is considered by the court that the plaintiff recover of the defendant the premises as ascertained by the verdict of the jury aforesaid, and the costs by him in this behalf expended." And a jury was sworn to ascertain the value of the permanent improvements, made by the defendants upon the premises recovered by the plaintiff in this cause placed upon the property, believing the title to be good, and to ascertain the amount of damages for rent and waste due the plaintiff, and also to ascertain the value of the real estate at the present time, if no such improvements had

been placed upon the premises by the defendants; but this jury failed to agree, and were discharged, and the case continued to the next term.

The action was brought under, and the proceedings appear to be in conformity to, chapter 124 of the Code of Virginia, section 2755 of which provides that, "On motion of either party, the court may order the assessment of such damages and allowance to be postponed until after the verdict on the title is recorded." This was done, and a jury was impanelled under section 2760, chapter 125 of the Code, to ascertain the damages and the value of improvements, and the judgment suspended to this end. This resulting in a mistrial, the case, under this section, was continued, and the judgment under the preceding chapter suspended to that end.

The record shows no error. If the plaintiffs in error have been injured, it does not appear. There are no exceptions in the record; no evidence of any sort in the record; nothing but the naked pleadings and the findings of the jury and judgment. There is nothing to review or correct. No error appears. Some facts are copied in the transcript by the clerk, but they are not made a part of the record by bill of exceptions nor otherwise. There are no exceptions to any ruling of the trial court. See the case of *Karn & Hickson* v. *Roanoke L. & Imp. Co.*, 80 Va. 589, and cases cited.

The case must be considered here upon the errors apparent upon the face of the record, and there are none of these; and the judgment of the circuit court of Culpeper county must be affirmed.

JUDGMENT AFFIRMED.