Opinion op the Court.
Thomas'Lewis, in the year 1806, obtained a judg-ixient against Philips Caldwell, William Trigg and John Logan, oh a joint contract, the two latter being securi-. ty for the former. After the death of Lewis and Logan, the executors of Lewis issued this scire facias, to revive the original judgment against Caldwell and Trigg, and obtained a judgment; to reverse which, this writ of error is prosecuted.
*130 . Divers questions, made intbe court below and decid* ^avor °f the defendants in error, are now presented by the assignment of error. Some of these were made in pleading, and these, with others, renewed on trial, by way of motion; but, as most of them will be answered or superseded by the decision of one fairly presented by the pleadings, we shall first turn our attention to it.
This question is presented by two pleas of the same nature, filed by the plaintiff in error, Trigg, the substance of which is as follows, to wit: “ That he (Trigg) was only a security for Philips,paldwell, in the original contract, to enforce which thé‘original judgment was rendered; that after the rendition of that judgment, in the lifetime of Thomas Lewis, and before the emanation pf this scire facias, a writ oí fieri facias issued thereon, it the instance of Lewis, against all three of the then defendants, directed to the sheriff of Ohio county, who levied the same on a tract of 5,500acres of land, of the estate of Philips Caldwell, which was returned, “not sold for want of bidders,” and immediately thereafter issued a venditioni exponas., directed to the same sheriff, at the instance of Lewis; and that, in obedience thereto, the said sheriff exposed the said land to sale, for the sum-of $> 1,800, at three months’ credit, and took bond and security from the purchaser, payable to said Lewis, and made return of said venditioni exponas, “ that the land was exposed to sale on the 17th October 1806,. and John Adair, by J. Crow his agent, became the purchaser or highest bidder, for the sum of $1,800, to be paid within three months from the date of the bond therewith returned,” which bond was returned accordingly ;■ of which proceedings profert is made; and that the then defendants immediately afterwards paid to Thomas Lewis, in his lifetime, the full balance of said judgment, remaining after deducting the said sum of ■$1,800, made by the sale aforesaid.”
To these two pleas the defendants in error replied, admitting the emanation of the fieri facias stated in the plea, its return, the emanation of the venditioni exponas, and its return with the purchaser’s bond, as stated in the plea, for the sum of ‡1,-800 dollars. But in avoidance of its effect, alleged, “ that in truth and jn fact the said land was not sold; that the- said- Adair did not purchase the same, and that the supposed bond of the pur- *131 «baser, set up in the plea, was not executed, either by the said Adair or Samuel Caldwell, one of his securities, or by any person authorised by them, or either of them; and that afterwards, to wit, on the 7th day of March 1807, an execution offieri facias was issued on the said supposed bond, against the supposed obligors, and that the said Samuel Caldwell filed his bill in chancery, wherein he alone was complainant and Thomas Lewis the ^'defendant, denying the execution of the bond, and thereon obtained an injunction, which was afterwards, by decree ofithe proper court, made perpetual. That on the 2'flh of November 1819, the executors of said Lewis had issued a scire facias on said sale bond, to have execution thereof against Adair and Philips Caldwell, lhs other surety, and that said Adair had appeared and pleaded thereto, wort est factum, as to said sale bond; and that, on the trial of the issue, a verdict was rendered in favor of said Adair,, finding that said bond was not his deed, and a judgment rendered discharging him therefrom.” Of all which records profert was made in the replication., The plains tiff in error, Trigg, craved oyer of these records and demurred. The, court gave judgment against him.on,the demurrer. - ,
As the replication does not traverse or contest the paymentof the-residue of the original judgment after the ,§1,800 Is deducted, it is admitted;, and the questions presented by these pleadings, must be, the sufficiency of the bar pleaded as to the ,§1,800; next, the ..propriety of the defendants in error being permitted to contest it by the allegations of the replication or the records relied upon as avoidance.
There can he no doubt, that the return on an execution, that the money is made, is a bar to further proceedings on a judgment. In like manner, any'return which discharges the original judgment, must have the sam,e effect, unless that return is made in violation of some legal or constitutional provision. With regard to lands as the subject of execution by fieri facias, they could not be taken and sold in discharge of judgments at the commencement of this commonwealth. They were, afterwards subjected; but not to be sold at any period in discharge of original judgments, under a credit of .three months. To secure tbe purchase money with its interest, bond and security was to be given,, which was *132 t0 have the force of, and be a substitute for, the judg1'' ment- Of course, a return of such proceeding must be a discharge of the judgment pro tanlo, and pleadable as such. This doctrine has been so long recognized, that it is deemed unnecessary, at this time, to support it by authority.
As to the propriety of controverting the return by allegations of matter en pais, to permit it would contravene a well settled principle. It is a general rule, that the acts of ministerial officers, as far as the rights of the parties affected thereby are concerned, must be taken ¡as true, when brought into contest collaterally, and can only be impeached by direct proceedings, such as'those which make the officer a party, This rule is peculiarly applicable to the returns of sheriffs on process. Hence; this court has decided, in the case of Hornback &c. vs. Smith, that the return of a sheriff on the writ of ha-bere facias possessionem, is conclusive.1 And in the case of Goodall vs. Stewart, 2 Hen. and Mun. 105, the appellate court of Virginia decided, that the return of a-sheriff on a fieri facias, in a suit between the assignee and obligor of a bond, was so conclusive in a suit between an assignee and the obligee, when neither were or had been direct parties to the first record, that its falsehood could not be shown by parol evidence. It is, therefore, clear, that it was not competent for the defendants to aver and prove any thing against the return of the officer in this instance; such as the proof tendered by the replication, that the land was not in fact sold, and that the proceedings relative thereto were not real.
It is true, it was competent to rebut or destroy the effect of this return, by record, and this is attempted; and the inquiry then is, were the records relied on admissible for that purpose? We conceive not. Admit that the record of the chancery suit could be thus taken notice of in a court of law, for some purposes, it was not admissible here, for the following reasons: It only proved that Lewis or his representatives were precluded, by a decree acting in personam, from further proceedings against one of the securities; but it did not prove, as to the present plaintiff in error, that this was rightly done ¡because the present plaintiffs were not parties thereto, and therefore their rights could not be con-eluded by it. Moreover, the decree of the chancellor *133 did not, and with propriety could not, destroy the return of the officer in a court of law. This stood, aüd was not annulled thereby, which was essential to destroy its effect. The same objections lie to the proceedings against Adair, by scire facias. The present plaintiffs were not parties, and the return of the officer was not destroyed thereby, as between the original parties to the judgment. It was, then, essential, first to get clear of the effect of this return, to show that it had been annulled and set aside by the proper tribunal, or that it had been falsified by some direct proceedings against the officer. Until then, it must still stand as a bar to so much of the original judgment. Nor is there any great hardship in the operation of this doctrine. If the officer has made suclvfcturn as lays asleep the original judgment, by collusion and falsehood, or if he has been duped into the reception of a supposed bond for the purchase money, which was not properly executed, he must be responsible, and the recourse against him will discharge and satisfy the demands of the defendants in error. If, on the contrary, he shall be able to establish' in any issue to which he may be party, that the land was properly sold, and a proper bond taken, it will clearly show that Lewis or his representatives have lost their debt by improper management, and that of course they have no right to resort back to the original securities. If the sheriff had made so much money, and not paid it to the plaintiff in the execution, the original debtors would not be liable. If he has made any return which bars the original judgment by law, their responsibility is likewise released thereby.
The decision of this question renders it unnecessary that we should respond to others which grow out of a contrary decision in the court below. We will barely suggest, if further proceedings should be liad in the court below, that there is an issue of nul tiel record unanswered, which ought to be responded to, to save future embarrassment.
The judgment must be reversed #ith costs, and the cause remanded, with directions to the court below to give judgment for the plaintiffs in error on the demurrer, unless the defendants shall, on payment of proper costs, tender a valid replication and obtain leave to withdraw the demurrer,