## LAWSON vs. MAIN.

The official return of a sheriff, upon process executed by him, cannot, in a proceeding against him, be contradicted or disproved by evidence introduced by himself.

When a sheriff returns, upon execution, that he levied it upon property of the defendant in execution, sufficient to satisfy it, and that he exposed the property to sale, and the bid was sufficient to cover the amount of the execution, these facts fix his liability.

The levy being sufficient to satisfy the execution, it was, in contemplation of law, satisfied, unless the return shows, on its face, some matter sufficient to avoid this legal consequence.

The sheriff cannot discharge himself, by showing, by parol, that the property levied on was that of another, or that he has applied the fund to some other execution. He should have made a proper return in the first instance.

MOTION in Pulaski Circuit Court, against James Lawson, jun., sheriff of Pulaski county, determined in November, A. D. 1841, before the Hon. JOHN J. CLENDENIN, one of the Circuit Judges.   On the 8th of June, 1841, William Main sued out of Pulaski Circuit Court an alias fi. fa., against Jefferson Smith, on a judgment for $101, damages and costs, on which Lawson, the sheriff, returned that he levied it on two negroes, which were appraised at $300, and certain lots, valued at $2000, and also on 20 promissory notes, signed by three other persons, for $81 25 each; that the property and notes were duly advertised and offered for sale, at the time and place fixed by law, when William Field, being the highest and last bidder, bought Smith's interest of one-fifth in the negroes, for $51; his interest of one-fifth in the land, for $266 67; and his one-fifth interest in the notes, for $280.   This sale took place on the first Monday of September, A. D. 1841.

On the 23d of September, 1841, Main gave notice to the sheriff, that he would move against him, on the 25th September, 1841, for judgment for the amount of his execution, and lawful interest, and damages at the rate of 10 per cent. per month, from the 7th of September, A. D. 1841.   Main filed his motion, accordingly, on the 23d of September, and the Court took it under advisement, and gave the sheriff leave to amend his return, which he did, by adding to it, that, on calling on Field, the purchaser at the sale, he refused to pay the amount bid by him *for the notes;* and that he thereupon again exposed the notes to sale, and they were not sold, for want of bidders.

Lawson *vs.* Main.

The sheriff produced in evidence, on the hearing of the motion, an execution in favor of Rutherford and Ashley, against Smith, upon a judgment of Pulaski Circuit Court, of older date than Main's, levied upon the same property, the amount of which, after it was levied, was assigned, on the 31st of August, 1841, by Rutherford and Ashley, to Field, the purchaser at the sale. He also read a mortgage, with power of sale, executed by Smith, to Field and Rutherford, in 1840, before either judgment was rendered, of and upon all the property levied on, to secure to them the repayment of $1,093 73 cents, in thirty days from its date. The notes levied on were admitted to be payable to Smith, as administrator of Bernard Smith, deceased.

Main moved to strike out the amendment to the sheriff's return, but the motion was overruled, and the Court rendered judgment against the sheriff, for the amount prayed in the motion. Lawson sued his writ of error.

*Ashley & Watkins*, for the plaintiff.

*Hempstead & Johnson*, contra.

*By the Court*, Lacy, J.

The question presented by the record is an important one, and we have maturely considered it. It resolves itself simply into this inquiry: Can the return of the sheriff be contradicted or disproved by extraneous evidence, introduced by himself? No proposition, to our minds, can be clearer than that it cannot. This rule is fully supported by authority; and the reason, justice, and necessity of it can, in no case whatever, be questioned. The return of the sheriff is an official, ministerial act, and forms a part of the record of the Court, which can neither be impeached nor questioned *aliunde* by him. It proves itself, for it has the sanction and seal of judicial truth attached to it; and to permit its verity and sacredness to be called in question by other evidence, would be virtually to abolish and destroy the records of public justice, and to produce the utmost uncertainty and incalculable mischief into the whole proceeding. The execution is but the mandate of the judgment of the Court, moulded into form and shape by the authority of law, and speaking at once its will and command,

both of which are entrusted to the officer for its due service and return, he being but the organ and the instrument of the law, for carrying into effect its judgment and decrees. The levy and return of the execution constitute part of the judicial proceedings in the case, and are so intimately interwoven with them, as to become a constituent and important part of the public documents of the country. It is true, that the Court will allow him, upon application, to amend his return; but then this privilege is given to him upon the principle that the truth of the facts ought to appear of record, and the sheriff, having been mistaken in regard to them, is permitted to alter the return. It is for this reason, as well as for others of a more important character, that the return of a sheriff must prove itself, and that he must be bound by it; and in no instance will he ever be permitted to contradict or explain it away. If that were the case, the law, speaking through the officer, would be contradicted and disproved by the acts of the individual himself, in his private capacity. The sheriff is then concluded by his return; and his liability, so far as he is concerned himself, is fixed by his own act. That being the case, it only remains for us to see whether the return, in the present instance, will charge him, or whether he is exonerated by it.

His return, in substance, states, that he levied upon certain real and personal estate, and choses in action, of the defendant in the execution, sufficient to satisfy the debt of the plaintiff below, and that he exposed the same to sale, and that the bid was sufficient to cover the amount of the execution. These facts appear upon the return of the execution, and beyond all doubt fix his liability. The levy was sufficient to satisfy the execution; and, in contemplation of law, it was satisfied that moment, unless the return on its face shows some matter sufficient to change this legal consequence. The sheriff made the seizure: he cannot discharge himself by contradicting his own return, nor by showing that the property levied upon was that of another, or that he has applied the fund to some other execution. He has no right to make the levy, unless it is lawful. An unlawful seizure subjects him to damages, and authorizes the party who has been injured by the unwarrantable levy, to treat him as a trespasser.

In this case, the sheriff endeavors to show the appropriation of the

fund to the payment of prior executions. This may be, and probably is, true; but, if it be so, he should have returned the execution properly, in the first instance, by showing that he had levied in favor of the prior executions, and that he had exhausted the property of the debtor to pay them. These facts should appear upon the return of the executions themselves. This he has not thought proper to do. He has made the levy on the defendant in error's execution; the property seized on was sufficient to discharge it; the sale was made for that purpose; and the facts returned on the execution itself, show that he had in his hands, or ought to have had, a sufficient fund to have satisfied the execution, exclusive of the choses in action that were levied upon. A motion is given against the sheriff for an improper or unwarrantable return, by our statute regulating the proceedings in such cases. The remedy afforded by the act has been substantially complied with; and he being bound by the truth of his return, the Court below properly sustained the motion.

Judgment affirmed.