No. 8834.

CLARK ET AL. *v.* SHAW ET AL.

SHERIFF'S SALE.—*Return.—Execution.—Evidence.*—In an action by a judgment debtor against a judgment creditor, to enforce a sale of real estate, parol evidence, in contradiction of the return of the sheriff on the execution, is inadmissible to show that a sale was made.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

*C. N. Morton,* for appellees.

Clark *et al. v.* Shaw *et al.*

ELLIOTT, C. J.—The complaint of the appellants alleges that appellee Shaw obtained a judgment against them; that execution was issued and levied upon real estate of which they were the owners; that sale was made and the real estate purchased by him. The prayer of the complaint is that Shaw shall be adjudged the purchaser of the property sold by the sheriff, and that his judgment shall be declared satisfied.

The questions in the case arise upon the ruling denying a new trial.

The appellants introduced in evidence the judgment, the execution and the return of the sheriff. The return of the officer states that the execution was levied, the property appraised and notice of sale given, and that several attempts to sell were made. Various writs were issued, and the return upon the last runs as follows: "And on the 19th day of December, 1879, I was enjoined by a restraining order issued by the judge of the Lake Circuit Court from selling or offering to sell the real estate levied upon by virtue of this writ until further order of the court, which restraining order was afterwards dissolved by said court, and the lifetime of this writ having expired, therefore the land levied upon can not be sold, and this writ is returned wholly unsatisfied."

The appellants offered to prove by parol testimony, that a sale was made to Shaw, but the court excluded the evidence. This ruling was right. The return of a sheriff can not be contradicted in such a case as this. *Splahn* v. *Gillespie,* 48 Ind. 397; *Stockton* v. *Stockton,* 59 Ind. 574.

The sheriff is, it is true, a party to this action, but the complaint shows no cause of action against him. The rule which governs in cases where the sheriff is sued for making a false return can have no force in a case like this, where the purpose of the action is to enforce a sale against the judgment plaintiff who purchases at the sale made by the sheriff.

Judgment affirmed.