## CHAPLINE V. ROBERTSON.

1. **PLEADING:** *To merits after demurrer overruled.*

   By pleading to the merits after his demurrer to the complaint is over-ruled, the defendant waives all objections to the ruling except the want of jurisdiction over the subject of the action, and the failure of the complaint to disclose any cause of ·action.

2. **ATTACHMENTS:** *Remedy against sureties on delivery bond.*

   The summary remedy provided by section 355, Mansfield's Digest, against sureties on a forthcoming attachment bond is cumulative, and at the option of the plaintiff. He may waive it and bring a separate action on the bond.

3. **PRACTICE:** *Waiving jury trials.*

   Where parties appear and dispense with a jury, it is the better practice to require them to sign a stipulation to that effect, or that the record show an express waiver; but in the absence of an affirmative show-ing in the bill of exceptions that a jury was demanded and refused, a judgment will not be reversed because the trial was by the court. The early rulings of this court that a jury was indispensable in an action on a penal bond have been changed by statute.

4. **EVIDENCE:** *Return of officer on process.*

   In an action against the sureties on an attachment delivery bond for failure to deliver the attached property to satisfy the judgment in the attach-ment suit, the officer's return of the failure to deliver, indorsed on the special execution, is conclusive, and cannot be controverted by the de-fendants.

5. **ATTACHMENT:** *Delivery bond: What is delivery.*

   An attachment delivery bond can be satisfied only by delivery of the property, or by an offer to deliver it by bringing it forward, pointing it out and tendering it to the officer. To tell the officer where the property is and to go and get it, is not sufficient.

APPEAL from *Monroe* Circuit Court.
Hon. M. T. SANDERS, Circuit Judge.

*C. B. Moore* for appellants.

This was a suit on a bond executed under *section 406 Gantt's Digest.*

1. The liability of appellants should have been settled and determined in the original suit. (*Act March 10, 1875, pages 7 and 8; Acts 1875, adj. sess.; 34 Ark., 707.*) The suit on the bond was unauthorized.

2. The court had no right to try the cause *without a jury.* (*Sec. 4641 Gantt's Digest; Ib., sec. 4685.*) There was no waiver of a jury trial. The record states "neither party requiring a jury." This was not sufficient. (*5 Ark., 105.*) A forthcoming bond is the same as the old *delivery bond* (*Drake on Attach., sec. 327, et seq.*), and in a common law action on a delivery bond a jury is indispensable. *8 Ark., 477; 34 Ib., 719.*

3. The return of an officer is conclusive only against parties and privies, and the return on the execution was in a suit to which appellants were neither. *Murfree on Sheriffs, sections 866, 867, 868, and cases; 33 Vermont, 565.*

4. There was no breach of the bond. There was no undertaking to *deliver* the property at any particular time or place. The sheriff was told where the property was and instructed to take it.

*H. A. Parker* and *Sanders & Husbands* for appellee.

The remedy given by the act of March 10, 1875, is *cumulative* only, and not exclusive. (*4 Porter, Ala., 116; 6 Burr's Rep., 14, 18; Drake on Attach., sec. 327; 31 Ark., 219; 34 Ib., 542; 32 Ark., 281.*) True in *34 Ark., 708*, it is intimated as *the better practice* to take judgment against all parties in the attachment suit. The language is "shall *upon demand of the plaintiff,*" etc. Hence the court could not render judgment against the sureties unless demanded or moved so to do.

2. The sheriff's return is *conclusive* of the facts therein stated, and cannot be contradicted. *24 Mo., 590; 10 Lea.*

(*Tenn.*), *170; 79 Ind., 164; 32 La. Ann., 43; Gwynn on Sheriffs, 474; 25 Ark., 313; 39 Ib., 73; 40 Ib., 142.*

3. But admitting that evidence was admissible, all that appellants attempted to prove would not avail them. The bond bound them *to deliver* to the sheriff, etc. *58 Cal., 343; Freeman on Ex., sec. 264; 7 Ark., 463.*

SMITH, J. Robertson brought an action upon contract against one Wickham, and sued out an attachment, which was levied on certain personal property belonging to Wickham. For the retention of said property, appraised at $601, Wickham executed a forthcoming bond under section 327 of Mansfield's Digest, with Chapline and another as his sureties. Robertson recovered judgment against Wickham for $713.10, besides interest and costs; and the attached property was condemned to be sold for the satisfaction of the same. A special execution was issued and placed in the hands of the sheriff, who returned thereon that the sureties had failed and refused to produce the attached property, and that he was unable to find any other property of the defendant in the writ, out of which to make the money.

Robertson then brought the present action against the sureties for the value of the property, alleging the foregoing facts, and exhibiting the appraisement, the bond, the judgment, execution and return. He was met by a general demurrer, which was overruled. They then pleaded that they had offered to deliver the property to the sheriff, and averred their willingness still to do so. Both parties announcing their readiness to go to trial, and, as the record states, neither party requiring a jury, the issue was submitted to the court; and it found that the defendants had broken the covenants of their bond and gave judgment accordingly.

The first assignment in the motion for a new trial is for
alleged error in overruling the demurrer to the complaint.
As the defendants pleaded over to the merits, they waived
all objections to the ruling, except the two radical ones of
want of jurisdiction over the subject of the action and
failure of the complaint to disclose any cause of action en-
titling the plaintiff to relief. (*Jones v. Terry, 43 Ark., 230.*)
It is argued that the action is unauthorized and improper,
because under the act of March 10, 1875 (*Mansfield's Di-
gest, sec. 355*), it was competent to have had the value of the
property assessed and a judgment rendered against the
sureties in the original action.   And that the plaintiff
having neglected to so proceed, has lost all remedy upon
the bond.   But the summary remedy against the sureties,
provided by this statute, is evidently cumulative.   It
simply enacts that the assessment shall be made and judg-
ment rendered against the sureties for the assessed value,
upon the demand of the plaintiff.   If this is not done the
plaintiff may still resort to his action upon the bond.

It is objected here for the first time that the court had
no authority to try the cause without a jury, and that the
language of the record entry—"neither party requiring a
jury"—does not necessarily import a waiver of the right
to a jury trial.   Section 5148 of Mansfield's Digest enacts
that a jury trial may be waived—

First—By failing to appear at the trial.

Second—By written consent filed with the clerk.

Third—By oral consent in open court entered on the
record.

Where the parties have appeared and dispensed with a
jury, it is the more correct practice to require them to sign
a stipulation in writing to that effect, or to let the record
show an express waiver.   But in the absence of an affirma-
tive showing in the bill of exceptions that a jury was de-

1. Pleading
to merits
after de-
murrer
overruled.

2. ATTACH-
MENTS:
Remedy
against
sureties on
delivery
bond.

3. PRAC-
TICE:
Waiving
jury trials.

manded and refused, a judgment will not be reversed for such a cause. (*Deadrick v. Harrington, Hempst., 50; Wilson v. Liyht, 4 Ark., 158.*) In *Wallace v. Henry, 5 Ark., 105,* this court held that similar language could not be construed to imply consent, the defendant not having appeared at all. But now by statute a default authorizes the court to assess the damages without calling a jury. So likewise the cases of *Jennings v. Ashley, 5 Ark., 128; Nelson v. Hubbard, 8 Ib., 477; McKisick v. Brodie, 6 Ib., 375;* and *Johnson v. Pierce, 12 Ib., 599,* holding that in actions on penal bonds, the intervention of a jury is indispensable, have been superseded by an alteration of the statute.

4. Return of officer on process conclusive

The remaining grounds of the motion for a new trial relate to the conclusiveness of the sheriff's return upon the execution. Evidence was given tending to show that the sheriff had made a demand upon Chapline for the property, and was told that it was at Chapline's mill, distant one-and-a-half miles from the county seat, and that the sheriff could go there and get it; but neither of the defendants had brought forward the property. And the court was moved to declare the law to be that, if from the evidence it was found that the defendants, at the time execution was issued and demand made, notified the sheriff that the attached property was at Chapline's place of business, one-and-a-half miles from Clarendon, and instructed him to take possession of the same, and he refused to accept the property so tendered, this was a substantial compliance with the condition of the bond. But the court disregarded the evidence, refused the declaration, and declared that the sheriff's return could not be controverted in this action. This was correct. The general rule undoubtedly is, that parties to a suit and their privies cannot falsify the record thereof, except in a direct proceeding to vacate and annul it, and the return of an officer,

either on mesne or final process, as to all the facts which the officer has authority to certify, becomes a part of the record and cannot be collaterally attacked by the parties." *Hutton v. Campbell, 10 Lea (Tenn.), 170; Gwynn on Sheriffs, 473; Murfree on Sheriffs, sec. 868, and cases there cited; Clark v. Shaw, 79 Ind., 164.*

The rule has been repeatedly recognized and applied by this court. *Ringgold v. Edwards, 7 Ark., 86; Stewart v. Houston, 25 Ib., 311; Hunt v. Weiner, 39 Ib., 70; St. L., I. M. & S. Ry. Co., ex parte, 40 Ib., 141.*

The appellants admit the rule, but say that its operation is restricted to the parties and their privies, apparently forgetting that, by executing the bond, they made themselves parties to the original action. *Fletcher v. Menken, 37 Ark., 206.*

But if parol evidence had been admissible to contradict the officer's return, the facts in proof show no performance of the conditions of the bond. The bond provided for by the statute and executed by the appellants, is nothing but the old-fashioned delivery bond, which figures so largely in our earlier reports. Such a bond can be satisfied only by actual delivery of the property, or by an offer to deliver; which offer can only be by bringing forward, pointing out and tendering the property to the officer. *Pogue use Calvert v. Joyner, 7 Ark., 462.*

5. ATTACHMENT: Delivery bond: Delivery.

By not paying off Robertson's judgment, and by their further failure to make an actual return of the attached property to the sheriff, the sureties, by the express terms of their undertaking, became liable to pay its value to the plaintiff. *Metrovich v. Zavorich, 58 Cal., 343.*

Affirmed.