Clark *et al. v.* Shaw *et al.*

No. 9864.

## CLARK ET AL. *v.* SHAW ET AL.

PRACTICE.—*Injunction.*— *Omission from Record of Motion to Dissolve.*—*Supreme Court.*—In the absence from the record of a motion to dissolve an injunction, the Supreme Court will not review the ruling of the trial court thereon.

SAME.—*Discretion of Court.*—Where a demurrer to a complaint for an injunction, and a motion to dissolve the temporary injunction, are pending at the same time, it is discretionary with the trial court as to which it will first rule upon, and the exercise of this discretion will not be reviewed in the Supreme Court.

From the Lake Circuit Court.

*M. Wood* and *T. J. Wood,* for appellants.

HOWK, J.—The appellants, the plaintiffs below, brought an action in the circuit court to have a certain judgment, which the appellee Shaw recovered against them and others in the court of common pleas of Lake county, declared satisfied. Upon the trial of that action, judgment was rendered against the appellants. From this judgment they appealed to this court, where, at the November term, 1881, the judgment below was in all things affirmed. *Clark* v. *Shaw,* 79 Ind. 164.

Pending such appeal, the appellants instituted this suit to enjoin the collection of the judgment, which they had sought to have declared satisfied in their former suit. The judge of the circuit court, in vacation, granted the appellants a temporary injunction as prayed for in their complaint. At the next term of the court, in September, 1880, the appellees appeared and demurred to the complaint for an injunction, upon the ground that it did not state facts sufficient to constitute a cause of action. The record does not show that the court ruled, in any way, upon this demurrer. At the February term, 1881, of the court, the order-book entries copied in the transcript show that the appellees filed their motion to dissolve the injunction, and that this motion was sustained

by the court, "to which ruling of the court the plaintiffs except, and say they will not further amend their petition." Then follows the judgment of the court "that the defendants recover of the plaintiffs all costs of this action," from which judgment this appeal is now prosecuted.

The first error assigned by the appellants is that the court erred in sustaining the appellees' motion to dissolve the temporary injunction. This error is not shown, we think, by the transcript before us, for the reason that the appellees' motion was not made a part of the record of this cause, either by a bill of exceptions or an order of court. The motion was apparently in writing, and it may have been supported by affidavits. In the absence of the motion from the record, we can not know that the court erred in sustaining it, and in such case we must presume that no error was committed. The record must show error, and in the absence of the motion, upon which, and the ruling thereon, the error is predicated, this can not be done.

Appellants also claim that the court erred in ruling upon the motion to dissolve the injunction, before passing upon the demurrer previously filed to their complaint. This matter was entirely within the discretion of the circuit court, and its exercise of this discretion will not be reviewed in this court. *Grand Rapids, etc., R. R. Co.* v. *McAnnally*, 98 Ind. 412.

We find no error in the record of this cause which authorizes or requires the reversal of the judgment.

The judgment is affirmed, with costs.

