## HOLLAND *v.* QUITMAN COLLEGE.

### Opinion delivered February 27, 1897.

DEMURRER — WAIVER — PLEADING OVER.—Although the remedy for recovering the statutory penalty from a person who fails to satisfy a judgment of record within sixty days after receiving satisfaction thereof otherwise than upon an execution is by a complaint in an ordinary suit, the error of proceeding by motion is waived where the defendant pleads over after a demurrer filed by him is overruled.

Appeal from Cleburne Circuit Court.

BRICE B. HUDGINS, Judge.

#### STATEMENT BY THE COURT.

The appellee filed a motion in the Cleburne circuit court, showing that appellant on the — day of February, 1893, obtained judgment in said court against appellee; that said judgment was paid at its maturity, but was not marked "Satisfied," and stood thus upon the record for more than sixty days; that on or about the — day of February, 1895, appellee paid to an attorney for appellant, $11.04, unjustly claimed by appellant as a balance due on said judgment; that said amount was paid to procure a satisfaction of said judgment. The prayer of the motion is for judgment of forfeiture against appellant for $150 and costs, and for a return of the $11.04 unjustly demanded by appellant. A demurrer in short to this motion was overruled, and appellant

responded, admitting that he had on the — day of February, 1893, obtained judgment against appellee for the sum of $336.20, but says that said judgment should have been for $346.20, and that same was by oversight entered for $336.20. Appellant denies that said judgment was promptly paid off, but says that appellee filed a stay bond in the sum of $336.20, after an execution had been issued, and that said stay·bond was given to the sheriff of the county; that appellant was a non-resident, and that appellee paid to the sheriff the said sum of $336.20, which the sheriff forwarded to appellant, and appellant supposed that the sheriff had duly credited said amount on the judgment; that appellee afterwards sent to appellant his (appellant's) note to one Rollow for $14.50 as a payment on said judgment, and on the 31st day of January, 1895, paid him the sum of $11.04 balance due on said judgment; that thereupon appellant wrote to the clerk of the circuit court to satisfy the judgment, which was done. Appellant denies any damage, and prays to be discharged with cost.

On the issues thus joined the cause was submitted to the court sitting as a jury, who found that appellant obtained a judgment in the Cleburne circuit court, at its Februaay term, 1893, for $336.20; that an execution was issued on said judgment May 5, 1893, which was stayed on the 26th for six months; that the sheriff returned the execution accordingly; that at the expiration of said six months said sum was promptly paid by the appellee to the sheriff of Cleburne county without an execution on the stay bond, and that the sheriff promptly turned over the said money to appellant, who failed to satisfy the record of said judgment, as prescribed by law, although requested to do so. The court thereupon rendered judgment for the appellee in the sum of $100, which we are asked to reverse.

*Green & Hicks* for appellant.

Sand. & H. Dig.,sec. 4230, leaves out the words "to be reversed in an action of debt founded on this act." See Rev., St. Ch. 84, sec. 19, 20; Gould's Dig. secs. 21, 22, Ch. 96. This is not among the actions named in the statute in which a summary judgment can be had upon motion. Sand. & H. Dig., secs. 4245, 4253. A complaint should have been filed and summons issued. Code, sec. 58. The judgment was satisfied by execution. When the stay bond was returned, it was the duty of the clerk to satisfy the judgment. Sand. & H. Dig., secs. 4248, 3081, 3082, 3083. There is no distinction between delivery bonds and stay bonds. 7 Ark. 33; 11 *id.* 578; 25 *id.* 524; *ib.* 606; *ib.* 124; 26 *id.* 235; 32 Am. Dec. 310; 26 *id.* 695; 35 Am. Dec. 428; 58 Ark. 132; 29 *id.* 472.

WOOD, J., (after stating the facts.) The remedy for failing to satisfy a judgment, as prescribed by sec. 4229, Sand. & H. Dig., is by complaint in an ordinary suit, and not by motion for judgment summary. Sand. & H. Dig., § 4245. But the motion of appellee, treated as a complaint in an action founded on sec. 4230, Sand. & H. Dig., is sufficient on demurrer. The appellant, by his demurrer, entered his appearance, and by pleading over he abandoned any ground of demurrer except want of jurisdiction and failure to state cause of action. *Fordyce* v. *Merrill*, 49 Ark. 277; *Chapline* v. *Robertson*, 44 Ark. 202. The court had jurisdiction of the subject-matter. So the only question remaining is, was the verdict contrary to the law and the evidence? The findings of the court are supported by the evidence, and the court was correct in holding, upon the facts, that the judgment of appellant against appellee was not satisfied by the return of an execution. Secs. 4228, 4229, Sand. & H. Dig. Therefore the judgment must be affirmed.