COMMERCIAL STANDARD INSURANCE COMPANY *v.* WALLER.

4-3865

*Donham & Fulk,* for appellant.

*Rose, Hemingway, Cantrell & Loughborough,* for appellees.

JOHNSON, C. J. This cause was submitted upon appellees' motion to advance and affirm with penalty as a delay case. Briefs have been filed by the respective parties, not only upon the motion, but upon the merits of the case. Since it is necessary to decide the case on its merits before the motion to affirm can be sustained or denied, we have determined to advance the cause upon appellees' motion for consideration upon its merits, irrespective of the motion to affirm.

Appellees are judgment creditors of the Arkansas Transfer & Moving Company, which judgments were

superinduced by a collision between appellees' passenger automobile and a truck belonging to the Arkansas Transfer & Moving Co., which occurred on the 10th day of December, 1933, and resulted in personal injuries to each of the appellees.

In the pending suit, appellees alleged the issuance of executions upon the respective judgments and the returns thereof unsatisfied, and that on the date of said collision and the resultant injuries to appellees appellant had outstanding, and in full force and effect, its contract of indemnity insurance whereby it insured the Arkansas Transfer & Moving Company against liability.

Appellant answered appellees' complaint by admitting the execution of the contract of indemnity insurance on July 20, 1933, and expiring on July 20, 1934, but affirmatively alleged that the contract of insurance was cancelled by it on December 7, 1933, three days prior to the collision and resultant injuries to appellees; that said cancellation was effected under the following clause of the insurance contract:

"This policy may be cancelled at any time by either the assured or the company by giving written notice of such cancellation to the other party, stating when thereafter cancellation shall be effective, and the date of cancellation shall then be the end of the policy period. * * * If cancelled by the company, the company shall receive or retain the earned premium on a *pro rata* basis. Any return premium due to the assured may be tendered with notice of cancellation, but failure to tender return premium shall not invalidate cancellation; but such return premium, if not tendered, shall be refunded on demand."

As an additional defense, appellant alleged no *bona fide* effort upon appellees' behalf to effect collection of their judgments of or from the Arkansas Transfer & Moving Company. A general demurrer and motion to strike were interposed by appellee to the answer thus filed, both of which were sustained by the trial court, and, appellant declining to further plead, judgment was rendered in favor of appellees as prayed in the complaint, and this appeal follows.

Irrespective of the contentions urged in reference to an ordinance of the city of Little Rock prohibiting the

cancellation of the indemnity of contracts of insurance prior to thirty days' notice; and irrespective of the contention that the unearned portion of the premium on this policy must have been returned to the insured before cancellation could have been effected, we think the trial court was correct in sustaining the demurrer to that part of the answer alleging cancellation. Cancellation of the indemnity contract was sought to be effected by a letter written by appellant from Dallas, Texas, under date of December 5, 1933, which designated the date of cancellation as of December 7, 1933. In the ordinary course of mail this letter could not have been received by the addressee until December 6, 1933, thereby giving to the insured only one day's notice of cancellation. It will be noted that the cancellation provision of the insurance contract provides for no definite period of time for notice, therefore the law reads into this provision a reasonable time. The rule is thus stated in 26 C. J., page 139. ''Where no specific period of notice is prescribed in the policy, notice must be given for a reasonable time.''

As a matter of law, one day's notice was unreasonable and void, and the trial court was correct in so deciding. Since the notice of cancellation given was unreasonable and void, it follows that no notice was in fact given, therefore the insurance contract was in full force and effect on December 10, 1933, on the date of the collision and the resultant injuries to appellees.

Appellant next urges that the trial court erred in striking from its answer the allegation that no *bona fide* effort had been made by appellees to collect their judgments from the Arkansas Transfer & Moving Company. It has long been the established rule in this State that the return of an officer upon an execution is conclusive of its recitals. *Lawson* v. *Main,* 4 Ark. 184; *Newton* v. *State Bank,* 14 Ark. 9; *Files* v. *Harbison,* 29 Ark. 307; *Hunt* v. *Weiner,* 39 Ark. 70; and *Chapline* v. *Robertson,* 44 Ark. 202.

For the reasons stated, the court did not err therefore in striking this allegation. Since the two contentions discussed are decisive of all the issues here presented, it follows that the judgment of the trial court must be affirmed on its merits. It does not follow, how-

ever, that the appeal was prayed and prosecuted without substantial merit. The contentions here considered and decided are substantial, and for this reason no penalty should be awarded.

The judgment will be affirmed on its merits.