JORDAN *v*. WASHINGTON NATIONAL INSURANCE COMPANY.

4-9592                                               243 S. W. 2d 367

Opinion delivered November 12, 1951.

*Catlett & Henderson* and *Donald S. Martz,* for appellant.

*J. Phillip Carroll* and *Rose, Meek, House, Barron & Nash,* for appellee.

PAUL WARD, J.  On May 1st, 1912, the American National Insurance Company, a Texas corporation authorized to do business in Arkansas, issued a health and accident policy number BRS 67713 to Peach Jordan, Jr., the appellant.  By the terms of the policy appellant was to pay $1.00 on the first day of each month.  On June 30, 1931, all the business of the said insurance company, including the above policy, was assumed by appellee, the Washington National Insurance Company.  All premium payments were made by appellant from the date of issuance of the policy up to and including December 1st, 1948.

On January 1st, 1949, appellant went to appellee's authorized agent in Little Rock, Arkansas, and made tender of the premium due on that day.  The agent refused to accept said payment and stated to appellant that he had been instructed by the home office to refuse any further premiums and to allow the policy to expire under its terms.

After an exchange of letters between appellant and appellee relative to the matter, appellant filed suit, alleging a breach of contract, and asked to recover all pre-

miums theretofore paid, amounting to $440, together with interest at 6 per cent. on each premium from date of payment. Appellee answered and admitted the payment of premiums as above stated, but denied liability because of paragraph Number 4 of the Agreements and Conditions of the policy which provides that "the acceptance of any renewal premium shall be optional with the Company." From the judgment of the lower court dismissing the complaint this appeal is prosecuted.

No oral testimony was introduced and the case was tried on written stipulations which contain all the matters necessary to a decision. Set out below is a copy of the stipulations with the following exceptions: the designations "Provision A," etc., are our own for convenient reference; some portions relative to payments by appellee for sickness which are not material here are deleted; and "Provision E" has been added because it is cited by appellee as a provision of the policy and, by reference, is a part of the stipulation.

## STIPULATION OF FACTS

"On May 12, 1912, the American National Insurance Company issued a policy of accident and health insurance to the plaintiff, Peach Jordan, Jr., said policy bearing number BRS 67713, whereby the American National Insurance Company, in consideration of advance monthly premiums of One Dollar ($1.00) each, paid and to be paid by the plaintiff, agreed and undertook to pay to the plaintiff weekly benefit payments upon the happening of certain stated contingencies as stated in the policy, a photostatic copy of said policy being filed with the complaint in this law-suit and marked thereon as Exhibit A, and said photostatic copy being made a part of this stipulation.

"Among the provisions of this policy are the following:

"'Agreements and Conditions

(Provision A)

"'(4) If the payment of any renewal premium shall be made after the expiration of this policy or the last re-

newal receipt, neither the Insured nor the Beneficiary will be entitled to recover for any accidental injury happening between the date of such expiration and 12:00 o'clock noon, Central Standard Time, of the day following the date of such renewal payment; nor for any illness originating before the expiration of 30 days after the date of such renewal payment. The acceptance of any renewal premium shall be optional with the Company.

(Provision B)

" '(6) The Company may cancel this policy at any time, without prejudice to the rights of the Insured to any claim then pending, by written notice or cancellation served upon or mailed to the address of the Insured as it appears of record with the Company, together with the Company's check for the unearned portion, if any, which check shall be sufficient tender.

(Provision C)

" 'An agent has no authority to change this policy nor to waive any of its conditions. Notice to or from any agent or knowledge acquired by him shall not be held to effect a change or waiver of this policy or any condition thereof. No assignment or change of this policy or waiver of its condition shall be valid unless agreed to in writing by the President or Secretary of the Company and endorsed thereon.

(Provision D)

" '*Schedule of Statements, Agreements and Warranties.*

" 'I hereby apply for a policy of insurance in the American National Insurance Company, of Galveston, Texas, to be based on the following statements, all of which I warrant to be complete and true; and in consideration of the Company accepting the premiums, I hereby waive all notice, whether required by statute or not, (1) to pay such premiums, (2) of default in payment thereof, and (3) of forfeiture of the policy for non-payment of such premium; and I agree, if any of the said statements material to this risk shall be untrue, or if said waiver of notice shall be inoperative, or if I shall fail to fulfill any

agreement herein made, then, in either case, said policy and insurance shall be null and void.

## (Provision E)

" '. . . does hereby insure Peach Jordan, Jr., the person described in said Schedule, subject to all of the conditions herein contained and endorsed hereon, from twelve o'clock, Noon, Central Standard Time, of the day this contract is dated, until twelve o'clock, Noon, Central Standard Time, of the first day of May, 1912, and for such further periods, stated in the renewal receipts, as the payment of the premiums specified in said Schedule will maintain this policy of insurance in force against death or disability resulting directly and exclusively of all other causes from bodily injury sustained solely through external, violent and accidental means, said bodily injury being hereinafter referred to as "such injury," and against death and disability from bodily disease or illness, as follows: . . .

"On June 30, 1931, as of 12:00 o'clock midnight, the Washington National Insurance Company, of Chicago, Illinois, assumed the contract of insurance, policy No. BRS 67713, here in question . . . and thereafter collected and received all premiums becoming due and payable under the terms of said policy.

"Plaintiff at all times from May 1, 1912, up to the first day of January, 1949, paid the monthly premiums as they became due, and thereby kept the said policy in force for and during each and every month from May, 1912, up to and including the month of December, 1948; said premiums so paid by plaintiff being in the aggregate sum of Four Hundred Forty Dollars ($440.00).

"On November 29, 1949, a letter was written by the Claim Division of the Washington National Insurance Company to Mr. George B. Hays, the Little Rock agent of the said company, a copy of said letter being made a part of this stipulation, reporting that the above mentioned claim for disability payments had been paid and notifying Mr. Hays that the Underwriting Committee of the Insurance Company had decided they should post their

records for the non-renewal of the policy, effective with the next renewal date of January 1, 1949. The reason given for said action was the fact that the insured had diabetes and was unemployed at the time. The letter further instructed the said George B. Hays to post his records likewise and to accept no further premiums in consideration of the policy.

"Plaintiff, Peach Jordan, Jr., received no notice either written or oral of the Company's intention to cancel the policy or of its intention to refuse the premium due January 1, 1949, other than the statement made to him by George B. Hays on January 1, 1949, as hereinafter set forth.

"On or about January 1, 1949, the plaintiff, Peach Jordan, Jr., reported to the agent, George B. Hays, at his office at 1418 Commerce Street in Little Rock, Arkansas, and made timely tender of the monthly premium for January due in advance. He was informed by the said George B. Hays that the renewal premium would not be accepted for the reasons stated above, as per his instructions from the Claim Division of the Washington National Insurance Company.

"On February 15, 1949, the plaintiff, Peach Jordan, Jr., wrote the letter, a copy of which is made a part of this stipulation, to the home office of the Washington National Insurance Company, explaining that his advance premium for the month of January, 1949, had not been accepted by the agent, George B. Hays, and that the reason given by the said George B. Hays for the non-acceptance of the renewal premium was that the plaintiff was unemployed. The plaintiff made further reference to paragraph (9), Agreements and Conditions: (Provision C, *supra*).

"This letter was answered on February 28, 1949, by Marie Nellesen, of the Casualty Record Division of the Washington National Insurance Company, a copy of which letter is made a part of this stipulation, and which letter affirmed the termination of the policy No. BRS 67713 and pointed out that the Underwriting Committee

of the Washington National Insurance Company had requested that the policy be permitted to expire under its terms as of January 1, 1949.''

(End of stipulations)

Appellant relies strongly on Provision B, contending this is the method chosen by the Company to cancel the policy and that it should be held to that method; and that since no letter was written by the company as required under this provision the contract was breached when the agent refused to accept the premium on January 1, 1949. It is insisted that this interpretation is sustained by Provision C which limits the authority of appellee's agent and also by Provision D, wherein it is contended the Company agreed to accept premiums in consideration of the assured's waiving certain notices. Appellant insists that the last sentence in Provision A applies only to the provisions of paragraph 4, but also insists that if this does conflict with Provision B the doubt should be resolved against the insurer because it wrote the contract, calling attention to the well established rule to that effect.

On the other hand appellee contends that the policy contains two methods of termination. One is by a letter of intention under the terms of provision B, as appellant points out, and the other is by refusing to accept premiums as set forth in the last sentence of Provision A, viz: ''The acceptance of any renewal premium shall be optional with the Company.'' It is, of course, stipulated that the agent of appellee refused to accept appellant's premium on January 1, 1949. Appellee calls attention to the language in Provision E which says that appellant is insured ''. . . for such further periods, stated in the renewal receipts, as the payment of the premium specified in said Schedule will maintain . . .''

The case of *Commercial Standard Insurance Company* v. *Waller*, 190 Ark. 636, 80 S. W. 2d 78, is cited by appellant to show that the company was obligated to give him a reasonable notice, but the facts are distinguishable. In the cited case the policy provided for written notice ''stating when *thereafter* cancellation shall be effective'' while here no such provision is included in the policy.

It must be kept in mind that the policy under consideration here is what is commonly called a term policy and must be renewed by each successive monthly payment. This feature was clearly set forth in *Prescott* v. *Mutual Benefit Health & Accident Insurance Assn.,* 133 Fla. 510, 183 So. 311, 119 A. L. R. 525, from which we quote:

" '(d) The copy of the application attached hereto is hereby made a part of this contract and this policy is issued in consideration of the statements made by the Insured in the application and the payment in advance of Seventeen ($17.00) Dollars as first payment; and the payment in advance, and acceptance by the Association of Premiums of Twelve ($12.00) Dollars Quarterly thereafter, beginning with April 1st, 1933, is required to keep this policy in continuous effect.'

"So it is clear that the policy was not an unconditionally continuing contract, but was a contract for a stated term renewable for additional stated terms on conditions named in the policy. One of the conditions precedent to the renewal for a subsequent stated term was the payment in advance and acceptance by the insurer of the required $12.00 quarterly premium. Of course, the insurer could not avoid liability for a claim which had come into being under the terms of the policy by declining to accept renewal premiums tendered after the accrual of the claim."

Here appellee had the right to cancel the policy under the terms of Provision B if it had so desired. The majority of this court is of the opinion that appellee had another separate and distinct right under the terms of Provision A to refuse to accept premiums, as it did on January 1, 1949, and thereby allow the policy to expire.

The judgment of the lower court is affirmed.

MILLWEE, J., dissents.

GEORGE ROSE SMITH, J., not participating.